993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
William Haywood JOHNSON, III, Defendant-Appellant.
 No. 92-5740.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 5, 1993
May 18, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-92-122)
 Thomas H. Johnson, Jr., Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 OPINION
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William Haywood Johnson, III, was convicted and sentenced after he pled[1] guilty to possessing cocaine with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1)-(b)(1)(B) (West 1981 & Supp. 1992). Johnson now appeals, arguing that the district court erred in failing to suppress evidence obtained in a search of his person. Finding that there was a substantial basis for the district court to find that reasonable suspicion and probable cause existed, we affirm the district court's decision.
 
 I.
 
 2
 According to the evidence presented at the suppression hearing, an anonymous female informant telephoned Special Agent Kowalski of the Drug Enforcement Agency ("DEA"), on May 11, 1992, and informed him that Johnson possessed crack cocaine and intended to distribute it. The informant told Kowalski that Johnson and a second man, Jeffrey Anderson, Jr., drove to New York City, in Anderson's black Honda CRX,[2] purchased about two to three ounces of "crack" and returned to Greensboro, North Carolina. The informant described the men as young black males about twenty-one years old, six-feet tall, 180 to 200 pounds with short beards. She also stated that Anderson worked at Antronix Distributors, that Johnson would pick Anderson up from work between 4:30 and 5:00 p.m., and that the men would have the cocaine in their possession at that time.
 
 
 3
 Kowalski testified that he corroborated the informant's information by checking the license plate number, confirming that the 1986 Honda was registered to Anderson, and by having his secretary call Antronix Distributors, pose as a cellular telephone sales representative, and confirm that Anderson was employed there.
 
 
 4
 Kowalski and members of the Guilford County Sheriff's Office set up a surveillance in the parking lot of Antronix Distributors. At approximately 4:30 p.m., Johnson arrived in the black Honda, parked the car, and entered the establishment. Approximately one hour later, Johnson and Anderson exited the building and got into the Honda. After comparing the men's physical characteristics with the physical descriptions given by the informant, the agents approached the men. In the course of their conversation, the agents confirmed that these men were Anderson and Johnson and that they both had returned from New York City. The officers informed the men that they were performing a narcotics investigation and asked whether they possessed any drugs. Johnson refused to answer the question and stated that he was going to get his lawyer. As Johnson attempted to leave the scene, the agents ordered both men to place their hands on the car and then searched each man. In Johnson's front pocket, the agents found two plastic bags containing cocaine. The agents arrested Johnson.
 
 
 5
 The district court denied Johnson's motion to suppress, holding that the agents had reasonable articulable suspicion to stop and question Johnson pursuant to Terry v. Ohio, 392 U.S. 1 (1968). The court also held that since the agents had probable cause to arrest Johnson prior to the search, the search was valid as a search incident to arrest.
 
 II.
 
 6
 Johnson argues that the agents did not have reasonable articulable suspicion upon which to base their investigative stop and that the ensuing search was therefore invalid. We disagree. Under Terry v. Ohio, 392 U.S. 1, 21-22 (1968), a police officer may make a brief investigative stop if he has a reasonable suspicion that the suspect is engaged in criminal activity. Viewing the totality of the circumstances, United States v. Cortez, 449 U.S. 411, 417-18 (1981), we are persuaded that the agents had an objective basis for suspecting that Johnson was engaged in criminal activity.
 
 
 7
 Because Kowalski corroborated[3] the informant's information, the informant's tip provided a basis for the agent's reasonable suspicion to stop Johnson. Alabama v. White, 496 U.S. 325, 330-31 (1990). The informant's accurate description of the Defendant, his companion, and future events[4] carried a strong indicia of reliability because it demonstrated insider information and a special familiarity with the Defendant's affairs. White, 496 U.S. at 332; see also United States v. Miller, 925 F.2d 695, 699 (4th Cir.), cert. denied, 60 U.S.L.W. 3259 (U.S. 1991) (holding that "observing a substantial portion of what the informant's tip had said they would see" is evidence of corroboration). Accordingly, reasonable articulable suspicion was clearly present.
 
 III.
 
 8
 Johnson also argues that there was not a substantial basis to find probable cause to justify his arrest and the search of his person. Again, we disagree.
 
 
 9
 Searches incident to arrest constitute a well-established exception to the warrant requirement of the Fourth Amendment. See United States v. Robinson, 414 U.S. 218 (1973). This search may be considered incident to arrest even though it occurred immediately before the arrest because the agents had probable cause to arrest Johnson prior to the search. Miller, 925 F.2d at 698-99. Viewing the totality of the circumstances known to the arresting officers, we are persuaded that a reasonably prudent person would believe that a crime was being committed. See Illinois v. Gates, 462 U.S. 213 (1983). Once Kowalski confronted Johnson and confirmed that he was the individual implicated in the corroborated tip, Kowalski had probable cause to arrest Johnson. United States v. Porter, 738 F.2d 622, 625-26 (4th Cir.), cert. denied, 469 U.S. 98 (1984); see also Draper v. United States, 358 U.S. 307 (1959). Therefore, the search was permissible. The Terry stop simply provided additional corroboration of the informant's information.
 
 
 10
 For the foregoing reasons, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 In his plea, Johnson specifically reserved the right to appeal the district court's denial of his Motion to Suppress Evidence which was allegedly obtained during an illegal warrantless search. See Fed. R. Crim. P. 11(a)(2)
 
 
 [2]
 The informant provided Kowalski with a license plate number for the car
 
 
 [3]
 Kowalski corroborated a substantial portion of the informant's tip before the agents approached the men: (1) He confirmed that Anderson owned a 1986 black Honda CRX; (2) His secretary confirmed that Anderson worked at Antronix Distributors; and (3) The two men in the car matched the informant's description of Anderson and Johnson as young black males, six feet tall, 180 to 200 pounds with short beards
 
 
 [4]
 The anonymous tip correctly predicted that Johnson would arrive at Antronix Distributors at approximately 4:30 p.m